IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CR-05-111-L |
| | ) | No. CIV-08-1121-L |
| BRANDON KEITH HILL, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

On June 8, 2005, a federal grand jury returned a six-count indictment against defendant, charging him with five counts of transporting individuals across state lines for the purpose of prostitution and one count of sex trafficking of a child under the age of 18 years. After the court refused to accept defendant's plea of guilty to Count 6, the government obtained a nine count superseding indictment. The superseding indictment charged defendant with operating a business enterprise involving prostitution, five counts of violating the Mann Act, 18 U.S.C. § 2421, two counts of sex trafficking of a child, and one count of benefitting financially from child prostitution. After defendant waived his right to a jury trial, this matter was tried to the court on August 14-15, 2006. On August 15, 2006, the court found defendant guilty of Counts 1-8, but not guilty as to Count 9.

Pursuant to Fed. R. Crim. P. 32, the presentence investigation report ("PSR") was disclosed to counsel for defendant, who thereafter submitted objections on defendant's behalf. In his written objections, defendant contested application of

enhancements for unduly influencing a minor and for being a leader or organizer. At the November 14, 2006 sentencing hearing, defendant raised an additional objection to use of the 2005 Guidelines Manual. He argued the 2003 Manual should be used for sentencing because the majority of the crimes of conviction occurred in 2002 and 2003 and use of the 2005 Manual resulted in a harsher sentence. Based on the one book rule, the court overruled defendant's oral objection.[1] The court also overruled defendant's written objections, finding the enhancements for undue influence and defendant's leadership role were warranted. This resulted in a Total Offense Level of 34, with a resulting Guideline range of 188 to 235 months. The court sentenced defendant to 60 months imprisonment on Count 1, 120 months imprisonment on Counts 2-6, and 210 months imprisonment on Counts 7 and 8, all terms to run concurrently.[2] Defendant appealed his conviction and sentence to the Court of Appeals for the Tenth Circuit, which affirmed his conviction but remanded for re-sentencing due to an error in the Guidelines calculations. On remand, the court

---

[1]The Guidelines specify that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is sentenced", U.S.S.G. § 1B1.11(a), unless such use would violate the *Ex Post Facto* clause of the United States Constitution. U.S.S.G. § 1B1.11(b)(1). "The Ex Post Facto Clause is violated if the court applies a guideline to an event occurring before its enactment, and the application of that guideline disadvantages the defendant by altering the definition of criminal conduct or increasing the punishment for the crime." United States v. Sullivan, 255 F.3d 1256, 1259 (10th Cir. 2001). Pursuant to the one book rule, the court is required to apply the Guidelines in effect on the last date of any offense of conviction, which in this case was August 2005. *See* Superseding Indictment at Count 1 (Doc. No. 64). Technically, the 2005 Guidelines Manual was not effective as of that date; the court therefore should have used the 2004 Manual. No *ex post facto* problem exists, however, because the 2005 version of the governing Guideline, § 2G1.3, is identical to the 2004 version. *See* United States v. Thompson, 518 F.3d 832, 868 (10th Cir. 2008).

[2]Defendant received the maximum statutory sentence for Counts 1 through 6. The maximum statutory term of imprisonment for Counts 7 and 8 was life imprisonment. 18 U.S.C. § 1591(b)(1).

recalculated defendant's Total Offense Level as 32, with a resulting Guideline range of 151 to 188 months. On November 28, 2007, defendant was again sentenced to the maximum terms of imprisonment for Counts 1 through 6 and was sentenced to 174 months imprisonment on Counts 7 and 8, all terms to run concurrently. Defendant did not appeal the revised sentence.

This matter is before the court on defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Defendant raises four grounds for relief: (1) ineffective assistance of trial and appellate counsel; (2) duplicity of Count 1 of the indictment; (3) lack of jurisdiction; and (4) erroneous application of the leadership enhancement.

A prisoner who is in custody may move to vacate, set aside, or correct his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Issues that have been considered by the appellate court, however, are not proper subjects for a 2255 motion absent an intervening change in the law. *See* United States v. Prichard, 875 F.2d 789, 791 (10th Cir. 1989). Likewise, § 2255 is not the appropriate vehicle to raise issues that should been raised on appeal. *See* United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994). A defendant is barred from raising arguments for the first time in a 2255 motion "unless he can show cause

excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." United States v. Cook, 997 F.2d 1312, 1320 (10th Cir. 1993) (*citing* United States v. Frady, 456 U.S. 152, 167-68 (1982)).  However, claims of ineffective assistance of counsel are not subject to procedural bar and, in fact, are more appropriately raised for the first time in § 2255 motions.  Massaro v. United States, 538 U.S. 500, 505 (2003).

      Claims two, three, and four of defendant's motion could have been raised on appeal and therefore are barred absent cause for the failure to raise them.  Defendant appears to argues his appellate counsel[3] was ineffective in this regard.  In addition, defendant claims appellate counsel was ineffective because he failed to effectively raise the insufficiency of the evidence claim and he failed to consult with defendant about his desire to file a petition for writ of certiorari.  Defendant presents thirteen instances of ineffective assistance by his trial counsel:  (1) counsel failed to conduct an adequate investigation; (2) counsel failed to file a motion to suppress statements or file any pretrial motions; (3) counsel failed to cross-examine the government's witnesses and in particular, Elizabeth Karen Morgan; (4) counsel failed to object to the admission of evidence; (5) counsel failed to make an opening statement; (6) counsel failed to object to the duplicity of Count 1 of the indictment; (7) counsel failed to challenge use of the 2005 Guidelines Manual; (8) counsel failed

---

[3]Defendant was represented at trial by Kenneth C. Watson and on appeal by Perry W. Hudson.  Mr. Hudson also represented defendant at the re-sentencing hearing.

4

to eliminate weak claims; (9) counsel failed to file a motion for judgment of acquittal as to Counts 7 and 8; (10) counsel failed to object to the failure to give an aiding and abetting instruction; (11) counsel failed to discover the government coerced a witness's testimony; (12) counsel failed to object to the admission of Government Exhibits 1 through 7; and (13) counsel failed to object to the jurisdictional defects in the indictment.

To establish a claim of ineffective assistance of counsel, defendant must show that counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  In applying this test, the court must "give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" Bullock v. Carver, 297 F.3d 1036, 1044 (10th Cir.), *cert. denied*, 537 U.S. 1093 (2002) (*quoting* Strickland, 466 U.S. at 690).

> The proper measure of attorney performance is that of reasonably effective assistance under prevailing professional norms, considering all of the surrounding circumstances. The Court has been crystal clear that "[j]udicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to secondguess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  For that reason, a reviewing court must "reconstruct the circumstances of counsel's challenged conduct [and] evaluate [that] conduct from counsel's perspective at the time." Because of the

5

> difficulties that inhere in such a process, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."

Bryan v. Mullin, 335 F.3d 1207, 1217 (10th Cir. 2003) (*en banc*), *cert. denied*, 541 U.S. 975 (2004) (citations omitted). In addition to establishing that counsel's performance was deficient, defendant must also show that "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. The court need not address whether counsel's performance was deficient if defendant fails to prove actual prejudice. Prejudice is shown if defendant establishes a reasonable probability that the outcome of the trial, sentencing, or appeal would have been different had counsel raised the omitted claim or argument. *See* Neil v. Gibson 278 F.3d 1044, 1057 (10th Cir. 2001), *cert. denied*, 537 U.S. 835 (2002). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

The court finds defendant's claims that trial counsel was ineffective fail because he cannot establish prejudice.[4] Defendant has not demonstrated how counsel's investigation was inadequate nor how the result of the trial would have

---

[4] Furthermore, counsel actually raised and argued certain issues that defendant claims were not raised (*i.e.*, insufficiency of the evidence and use of the 2005 Guidelines Manual).

been altered by any additional investigation or the filing of pretrial motions.[5] Moreover, contrary to defendant's assertions, his attorney effectively cross-examined all but two of the government's witnesses, and the decision not to examine Ms. Morgan appears to have been a strategic decision that is not subject to second-guessing. Neither counsel made an opening statement, and the failure to do so could not have affected the outcome of the trial because opening statements are not evidence and the court was familiar with the case from pretrial proceedings. Counsel's failure to object to Count 1 as duplicitous or to lack of jurisdiction over Counts 2 through 6 could not have prejudiced defendant as the objections have no merit. An indictment is duplicitous if it charges two or more separate offenses in the same count. United States v. Haber, 251 F.3d 881, 888 (10th Cir. 2001). Count 1 of the Superseding Indictment charges but one offense: interstate travel in aid of racketeering. Likewise, no jurisdictional defect exists with respect to Counts 2 through 6 as the evidence at trial established the requisite nexus to interstate commerce for the charges. The failure to file a motion for acquittal with respect to Counts 7 and 8 did not prejudice defendant because the evidence establishing defendant's guilt on these counts was overwhelming. Nor would the outcome of the trial have been different if counsel had requested an aiding and abetting instruction; no instructions were necessary as defendant was tried to the court and the court is familiar with the law of aiding and abetting. Likewise, defendant cannot establish he

---

[5]Although defendant questions counsel's failure to file a motion to suppress statements, he does not identify any statements offered into evidence that were subject to suppression.

was prejudiced by counsel's failure to object to Government Exhibits 1 through 7 as no valid objection to those exhibits existed. Defendant's argument that counsel failed to discover the alleged coercion of Stacy Wallace's testimony is nonsensical as counsel was fully aware of this allegation no later than May 26, 2006. *See* Order at 1 (Doc. No. 62). Moreover, the alleged coercion was fully explored during Ms. Wallace's trial testimony. *See* Transcript of Nonjury Trial at 222-27. Far from demonstrating that counsel's conduct "undermined the proper functioning of the adversarial process",[6] a review of the record demonstrates counsel provided defendant with vigorous, effective representation. Likewise, defendant's conclusory allegations that counsel provided ineffective assistance at sentencing are not sufficient to warrant collateral relief. As the court has already noted, use of the 2005 Guidelines Manual did not result in an *ex post facto* violation and thus cannot support collateral relief. Likewise, defendant's claim that the court erroneously applied a leadership enhancement is without merit.

Finally, the court finds that defendant cannot demonstrate that appellate counsel was ineffective. On appeal, counsel vigorously argued that the evidence was insufficient to convict defendant on Counts 2 through 6. The Court of Appeals rejected this argument on the merits and defendant cannot resurrect it here. Nor does counsel's alleged failure to consult with defendant regarding filing a petition for writ of certiorari warrant relief. Counsel's failure to file a petition for writ of certiorari

---

[6] Strickland, 466 U.S. at 686.

on defendant's behalf does not constitute ineffective assistance. "[T]he right to effective assistance of counsel is dependent on the right to counsel itself." <u>Evitts v. Lucey</u>, 469 U.S. 387, 396 n.7 (1985). A criminal defendant, however, has no constitutional right to assistance of counsel beyond the first-tier appeal to the Court of Appeals.[7]

In sum, the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 117) is DENIED. Judgment will issue accordingly.

It is so ordered this 1st day of June, 2009.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[7] Pursuant to Section VI of the Tenth Circuit's Criminal Justice Act Plan, defendant's attorney was required to inform him of the right to petition the Supreme Court for a writ of certiorari and to file the petition if defendant requested such review and there were non-frivolous grounds for seeking review. In this case, however, no appeal was taken after defendant's re-sentencing; there was thus no appellate decision on which to seek certiorari review. The remedy fashioned in <u>Wilkins v. United States</u>, 441 U.S. 468 (1979), is thus inapplicable, and in any event could not be granted by this court. Regardless, the court concurs with the Court of Appeals for the Eighth Circuit, which reasoned that failure to comply with the Court's Criminal Justice Act Plan does "not deprive [defendant] of due process of law and did not give rise to a claim for ineffective representation of counsel." <u>Steele v. United States</u>, 518 F.3d 986, 988 (8th Cir. 2008).